UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYLVIA MILSAP, ON BEHALF OF HER MINOR CHILDREN P.G. AND P.W., | CIVIL ACTION |
| VERSUS | NO. 17-4660 |
| B.P. EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |

**ORDER AND REASONS**

Before the Court is defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.'s (collectively the "BP parties") unopposed motion for summary judgment.[1] For the following reasons, the Court grants the motion, and dismisses plaintiff's complaint.

**I.   BACKGROUND**

This case arises from the alleged exposure of plaintiff Sylvia Milsap's minor children, P.G. and P.W., to toxic chemicals following the Deepwater Horizon oil spill in the Gulf of Mexico by virtue of their presence in the

---

[1]   R. Doc. 34.  The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' motion for summary judgment.  R. Doc. 34-1 at 1 n.1.

environment in Pascagoula, Mississippi.[2] Plaintiff contends that since the alleged exposure, P.G. has experienced anemia, cough, upper respiratory infection, congestion, bronchitis, tonsilitis, runny nose, stuffy nose, sore throat, rhinitis, middle ear effusion, decreased hearing, asthma, wheezing, rashes, and tinea corporis as a result of toxic exposures.[3] She alleges that P.W. has experienced many of those same conditions, as well as nasopharyngitis, bronchiolitis, developmental speech/language disorder, pneumonia, shortness of breath, hypoxemia, seizure, diarrhea, abdominal pain, conjunctivitis, eye redness, watery eyes, and itchy eyes.[4]

Milsap's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier. Her case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[5] Plaintiff opted out of the settlement.[6] After plaintiff's case was severed, it was reallocated to this Court. On July 28, 2021, this Court issued a scheduling order that established, among other

---

[2] R. Docs. 1-1 at 5 & 1-2 at 5.
[3] R. Doc. 34-2 at 1-2.
[4] R. Doc. 34-3 at 1-2.
[5] R. Doc. 1-1 at 6; R. Doc. 1-2 at 6; *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
[6] R. Doc. 1-1 at 2; R. Doc. 1-2 at 2.

deadlines, that plaintiff's expert disclosures had to be "obtained and delivered" to defense counsel by no later than July 29, 2022.[7]  Defendants now move for summary judgment, arguing that, because plaintiff has not identified any expert testimony, she is unable to carry her burden on causation.[8]  Plaintiff has not filed an opposition to defendants' motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or

---

[7]   R. Doc. 14 at 1.
[8]   R. Doc. 34-1 at 1.

3

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

4

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*,

227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

## III. DISCUSSION

Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants as a result of the oil spill.[9] Defendants contend that plaintiff cannot prove that exposure to oil or dispersants was the legal cause of her children's alleged injuries, and thus that she cannot prove a necessary element of her claims against defendants.[10]

"Under the general maritime law, a party's negligence is actionable only if it is a 'legal' cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "Legal cause" is more than but-for causation; instead, the negligence "must be a 'substantial factor' in the injury." *Id.* "To prevail in a toxic tort case, a plaintiff must show both general causation and specific causation." *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 800 (E.D. La. 2011) (citing *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 352 (5th Cir.

---

9     R. Doc. 17 ¶¶ 19-49.
10    R. Doc. 34-1 at 4-6.

6

2007)). "General causation is whether a substance is capable of causing a particular injury or condition in the general population." *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom. Seaman v. Seacor Marine LLC*, 326 F. App'x 721 (5th Cir. 2009) (citing *Knight*, 482 F.3d at 351). "Specific causation is whether a substance caused a particular individual's injury." *Id.*

Expert testimony is required to establish general causation. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *see also Macon v. BP Expl. & Prod. Inc.*, No. 17-3548, 2022 WL 1811135, at *7 (E.D. La. June 2, 2022) (dismissing plaintiff's claims "[b]ecause expert testimony is required on [general causation]"). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996). Further, at a minimum, at least some of plaintiff's conditions require expert testimony on specific causation as well. *See Street v. BP Expl. & Prod. Inc.*, No. CV 17-3619, 2022 WL 1811144, at *3 (E.D. La. June 2, 2022) (noting that plaintiffs must present expert testimony on specific causation "when the symptoms are not within the common knowledge of laypersons

7

and not classified as transient or temporary"); *see also Troxler v. BP Expl. & Prod., Inc.*, No. 17-4207, 2022 WL 1081193, at *2 (E.D. La. Apr. 11, 2022) (holding that "the causal connection between exposure to oil or dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a layperson" and thus requires expert testimony); *Stephens v. BP Expl. & Prod. Inc.*, No. 17-4294, 2022 WL 1642136, at *4 (E.D. La. May 24, 2022) ("[W]ithout an expert opinion on specific causation, Plaintiff cannot meet her burden of proof on her claims of sinusitis, upper respiratory infection, abdominal cramps and pain, mood disorder, and insomnia.").

Plaintiff has not disclosed any experts on either general or specific causation. *See* Fed. R. Civ. P. 26(a)(2). As she is unable to create an issue of material fact on causation, the Court grants summary judgment. *See Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.").

8

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of September, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE